UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TERRANCE JONES,
    *Movant,*

Electronically Filed

CASE NO. 3:12CR99-01-JHM

VS.

**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C.§3582(c)(2)**

UNITED STATES OF AMERICA,
    *Respondent.*

\* \* \* \* \*

Comes the Defendant, Terrance A. Jones, by counsel, and hereby requests a modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which made a reduction in the base offense level for drug offenses retroactive as of November 1, 2014.

    1.    Defendant was sentenced and is serving a term of imprisonment of 100 months in the Federal Bureau of Prisons for violations of 18 U.S.C. §§2, 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846.

    2.    Defendant's total base offense level at the time of sentencing was 26. His total offense level was 31, as the United States Probation Office found him to be a Career Offender pursuant to USSG §4B1.1(a). Pre-Sentence Report, Document 39 at ¶34. However, under the terms of the plea agreement, he appears to have been sentenced on his base offense level of 26, and his Criminal History Category of VI.

1

3. By the terms of the plea agreement, the United States and Defendant agreed pursuant to Fed. R. Crim. P. 11(c)(1)(C) that "a total sentence between 92 and 115 months [was] appropriate in this case." Plea Agreement, May 23, 2013, at ¶10 Document No. 28, PageID#:56. The Government was permitted to argue for a sentence at the high end, and the Defendant was permitted to argue for the low end. *Id.* The United States agreed to recommend a fine at the low end of the Guidelines. *Id.* Finally, Defendant received a reduction of three (3) levels below the otherwise applicable guideline for "acceptance of responsibility" as provided by U.S.S.G. §§3E1.1(a) and (b). *Id.*

4. This calculation yields a base offense level of 23. The United States Sentencing Commission Sentencing Table result for a base offense level of 23 with a Criminal History Category of VI is 92-115 months, which was the range contemplated by the Plea Agreement, *supra*.

5. In *Freeman v. United States*, 131 S.Ct. 2685 (2011), a plurality of the court held that a defendant who enters into a Rule 11(c)(1)(C) plea agreement is eligible to seek a reduction in sentence pursuant to 18 U.S.C. §3582(c)(2) based on a reduction in the Sentencing Guidelines range. Thus, "if a ["C"] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under §3582(c)(2)." *Freeman, supra,* at 2695, *see also United States v. Smith*, 658 F.3d 608 (6th Cir. 2011).

6. Based upon Amendment 782, which reduced the drug quantity tables by two (2) points, his base offense level is 21.

7. This adjusted level, based upon the same criminal history category the Petitioner was in at the time of sentencing (VI), would result in Petitioner's case falling between the Advisory Guidelines of 77 to 96 months of imprisonment.

8. Defendant respectfully requests that this Honorable Court re-sentence him to the low end of the Advisory Guidelines, or seventy-seven (77) months.

9. Defendant has completed 789 hours of education towards his rehabilitation while incarcerated, including but not limited to personal growth and development, wellness, parenting, accounting and financial skills, job search skills, masonry, and more (*see* Inmate Education Data Transcript, Exhibit 1; Certificates of Completion, Exhibit 2).

10. He has also completed the five-hundred-hour FCI Beckley Residential Drug Abuse Program (Exhibit 3). He has made himself ready to accept the challenges of a lawful lifestyle in every way possible during his confinement.

WHEREFORE, Defendant, Terrance Jones, respectfully moves that this Honorable Court order that the United States Probation Office recalculate his sentence, and that this Court resentence him in accordance with 18 U.S.C. § 3582(c)(2) and Amendment 782.

Respectfully submitted,

/s/ Maureen Sullivan
MAUREEN SULLIVAN
Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, Kentucky 40202
(502) 548-1699